Filed 8/28/24  P. v. Smoot CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>  v.<br><br>NATHAN MICHAEL SMOOT,<br><br>      Defendant and Appellant. | C099402<br><br>(Super. Ct. No. STKCRFE20230005421) |

Appointed counsel for defendant Nathan Michael Smoot filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable errors that would result in a disposition more favorable to defendant, we will affirm the judgment.

1

# I. BACKGROUND

Early in the morning on May 14, 2023, G. Andrade started the ignition of her car, which was parked along the curb in front of her house, and walked three houses down to get her mail. She passed defendant on her way to the mailbox. As Andrade turned to walk back to her car, she saw defendant get in her car. She screamed out "hey," but defendant ignored her and drove away. Andrade had not given defendant permission to drive her car, so she called the police to report it stolen; she gave the police a description of the man she saw take her car.

Later, law enforcement saw Andrade's car being driven by defendant. After confirming the car was stolen, the officer followed defendant; a second officer joined and attempted to initiate a traffic stop, but defendant did not stop. Law enforcement continued to pursue defendant who drove at speeds of up to 100 miles per hour and into oncoming traffic. Law enforcement lost sight of defendant for about 30 seconds, then saw defendant had collided with another vehicle after driving the wrong way on an off ramp.

Defendant got out of the car and ran from law enforcement. Defendant was, eventually, detained in a truck yard. Concerned defendant dropped something while he ran, law enforcement instituted a search, and the K-9 deputy found a firearm dropped nearby in an open field near the accident site. Defendant was arrested and after he was medically cleared, he was taken to jail.

The People charged defendant with numerous felony offenses including: evading a peace officer (Veh. Code, §§ 2800.4, 2800.2, subd. (a)—counts 1 and 2); unlawful vehicle taking/driving, with a prior vehicle theft conviction (Veh. Code, § 10851, subd. (a)—count 5); hit and run (Veh. Code, § 20002, subd. (a)—count 7); and resisting a peace officer (Pen. Code, § 148, subd. (a)(1)—count 8). The People alleged defendant was previously convicted of a strike offense and, as aggravating factors, alleged defendant

2

had numerous prior convictions (Cal. Rules of Court, Rule 4.421(b)(2) and a prison history (Cal. Rules of Court, Rule 4.421(b)(3)).

Following the preliminary hearing, the trial court held defendant to answer to the charges and later arraigned defendant on the information. The trial court denied defendant's request for mental health diversion and his motion to dismiss.

On August 9, 2023, a jury found defendant guilty on counts 1, 2, 5, 7, and 8. The remaining charges were dismissed. In a bifurcated trial, the trial court found true beyond a reasonable doubt the alleged aggravating factors. At sentencing, the trial court refused to strike the prior strike and denied defendant's request for probation.

The trial court sentenced defendant to an aggregate term of nine years four months. The court awarded defendant 216 days of conduct credit and ordered him to pay various fines and fees, including a $200 court operations assessment (Pen. Code, § 1465.8), and a $150 conviction assessment (Gov. Code, § 70373). Defendant filed a timely notice of appeal.

## II.  DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days elapsed, and defendant did not file a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors favorable to defendant. Accordingly, we will affirm the judgment.

## III.  DISPOSITION

The judgment is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

EARL, P. J.

/S/

_____

ROBIE, J.